## THE PURITAN.

### (District Court, N. D. Illinois. May 2, 1899.)

SHIPPING—LIMITATION OF LIABILITY BY VESSEL OWNERS—ACT OF 1884.

The act of June 26, 1884 (23 Stat. 53), permitting the owner of a vessel to limit his liability for indebtedness incurred on behalf of the vessel, contemplates only liabilities incurred during the last or pending voyage, allowing a reasonable time after knowledge of the liability within which to surrender the vessel, providing it is, at the time of surrender, in practically the same condition as at the close of such voyage; and a vessel owner cannot incur indebtedness for supplies furnished to a vessel during an indefinite number of voyages, and then, after the vessel has been lost or destroyed, relieve himself from personal liability therefor by offering to surrender its remains to the creditor.

This was a proceeding in admiralty by John Seymour and others to limit their liability as owners of the steamer Puritan.

C. E. Kremer, for libelants.
Lee & Lawrence and H. E. Page, for claimant.

KOHLSAAT, District Judge. The facts in this case are as follows: The steamer Puritan was during the navigation season of 1895 operated by petitioners, its owners, upon Lake Michigan and adjoining waters. Upon different voyages during the months of August and September of that year coal was furnished to said steamer by the O. S. Richardson Fueling Company, claimant herein. The last delivery of coal by claimant was on September 28, 1895, subsequent to which date the steamer made no voyage. On November 20, 1895, petitioners paid claimant $250 on account of the sum due for coal furnished as aforesaid, leaving a balance of $1,071.03. On December 31, 1895, the steamer was burned at Manistee, where it was put up for the winter, without fault of any one, so far as this record shows. On March 17, 1898, said claimant commenced a suit in the circuit court of Cook county, Ill., against petitioners, for the collection of the aforesaid balance of account. On April 9, 1898, petitioners filed their petition herein to limit their liability under the act of congress of June 26, 1884 (23 Stat. 53), in which they offer to surrender the remains of said steamer, alleged to be lying at the bottom of the lake at Manistee, and ask that said claimant be restrained from the further prosecution of the aforesaid suit in the Cook county circuit court.

The question for decision in this case is, can vessel owners, under the said act, avoid personal liability for indebtedness incurred on behalf of the vessel for an indefinite number of preceding voyages, or does the act only cover liabilities incurred during the last voyage, allowing a reasonable time after knowledge of such lia-

bilities within which to claim the benefit of the act? Petitioners' proctor admits that under the act of 1851 such personal liability could only be limited with respect to damages arising out of the last voyage, but insists that the wording of the act of 1884 is sufficiently broad to include all unpaid claims on account of the vessel outstanding at the time the petition to limit liability is filed, irrespective of the time the liability was incurred. I cannot agree with this contention. To say that a vessel owner may navigate his vessel for an indefinite number of voyages, neglect or fail to pay the liabilities incurred during such voyages, but receive the benefit of the freights earned thereby, and then, upon subsequent disaster to the vessel, turn over to all prior creditors its remains, and thus exonerate himself from any personal liability, would, to my mind, be putting a construction upon the purpose of the statute that would not be justified unless the plain wording of the act precluded any other conclusion as to the intention of congress. I am inclined to concur in the reasoning of Judge Brown in the case of The Rose Culkin, 52 Fed. 328, 332, in so far as it applies to the facts in this case, and to hold that the act of 1884 contemplates only the liabilities incurred in the last or pending voyage; allowing a reasonable time after knowledge of the liability within which to surrender the vessel, providing that at the time of its surrender the vessel is in practically the same condition as at the close of said voyage. Therefore, with respect to the said claim of the O. S. Richardson Fueling Company, the prayer of the petition is denied.